# MARIO MALERBA, ESQ.

### ATTORNEY AT LAW

80-02 KEW GARDENS,
SUITE 302
KEW GARDENS, N.Y. 11415
(718)-544-0306
FAX:718-793-2012

OF COUNSEL
*James R. Cullen, Esq.*

PARALEGAL
*Pablo Gutierrez*

September 9, 2011

Honorable Eric N. Vitaliano

U.S. District Judge

U.S. Court House

225 Cadman Plaza East

Brooklyn, NY 11201

Re: U.S. v. Anthony Mannone
Docket No. 10-CR-0010 (S-5)-09

Dear Judge Vitaliano:

Please find enclosed herein a Pre-Sentence Memo regarding my client Anthony Mannone.

Mr. Mannone is now awaiting sentence before your Honor.

We respectfully ask that your Honor take into considerations these statements in the within Memo, in sentencing Anthony Mannone.

Permit me to thank you for this courtesy.

Very truly yours,

Mario Malerba, Esq.

MM:pg
cc:file
Encl

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------X

### UNITED STATES OF AMERICA

**10-cr-0010(S-5)-09**

-against-

### ANTHONY MANNONE,

*Defendant*

-----------------------------------------X


# PRE – SENTENCE MEMO


# HON. ERIC N. VITALIANO
# JUDGE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT


Dated: September  9   , 2011


Respectfully submitted,

By: Mario Malerba, Esq.
    8002 Kew Gardens Rd.
    Suite 302
    Kew Gardens, N.Y. 11415
    (718) 544-0306
    Fax (718) 793-2012

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
   UNITED STATES OF AMERICA

         -against-                            **10-cr-0010(S-5)-09**
                                      **PRE-SENTENCE MEMO**


   ANTHONY MANNONE,

                          *Defendant*
-------------------------------------X

Dear Judge Vitaliano:


     The defendant Anthony Mannone has pleaded guilty to one count of Conspiracy to Commit Extortion and one count of Racketeering Activity to Collect Unlawful Debt through Usurious Rates. His sentence has been set for September 23rd 2011 at 11:00 AM. The advisory guideline range set forth in the presentence report and plea agreement, 51 to 63 months, is erroneous, and my objections are made below. Further, In view of all of the circumstances presented in this correspondence, I will implore Your Honor to impose a sentence beneath the advisory guideline range.

## Objections to the Presentence Report

    At paragraphs 120 and 150 of the presentence report, Mr. Mannone is classified as a leader in the offense, and at paragraph 150 there is a 4 level enhancement in the offense level per Guideline 3B1.1 (a). In the Government's estimation of the guideline computation, cited in the plea agreement, the same 4 level increase appears. Pursuant to Guideline 3B1.1 (a), if a defendant was an organizer or leader of a criminal activity involving five or more participants, 4 levels are added. Application Note 1 of Guideline 3B1.1 defines a "participant" as …"a person who is criminally responsible for the commission of the offense, but need not have been convicted." I contend that there were criminal participants in this conspiracy both above and below the position that my client occupied. Regarding the organization, "La Cosa Nostra" (LCN) or "Mafia" (see paragraph 6 of the presentence report), of which my client was a member; the Government reports that Mr. Mannone was a captain who headed a crew of soldiers, not a head person. <u>However, the rank of captain is a mid-level position in LCN families. Mr. Mannone had to report to, and take orders from, the underboss, who in turn took orders from the boss.</u> Mr. Mannone was managing and supervising lower ranking

1

individuals in the LCN family's extortion scheme <u>on behalf of the underboss and boss,</u> <u>and he was accountable to them for effective execution of his crew's piece of the</u> <u>family's extortion business.</u> To argue that the underboss and boss had no criminal liability for the conspiracies to which my client has pleaded guilty, would display a complete lack of knowledge as to how LCN families operate, including the tight rigidity and control in the hierarchal structure. <u>Further, crew captains are always required to</u> <u>transfer part of the profits from a criminal scheme to both the underboss and boss</u>. I am certain that the Government is just as aware as I am as to how LCN families operate.

As stated above, Mr. Mannone's supervisor, the underboss, and the boss, were also participants in this conspiracy. Mr. Mannone, as the captain of one of the organization's crews, <u>managed and supervised this extortion</u> scheme of five or more participants. Per Guideline 3B1.1(b), a manager or supervisor in a criminal activity of five or more participants <u>obtains a 3 level increase in the offense level. The presentence report's 4</u> <u>level increase in the offense level for classifying my client as a leader is erroneous.</u>

At paragraph 164 of the presentence report, 1 offense level is added because the probation officer maintains that the two counts to which my client pleaded guilty cannot be grouped (see paragraph 159). In the Government's estimation of the guideline computations, noted in the plea agreement, <u>it makes the same mistake of not grouping</u> <u>the counts.</u> If the counts cannot be grouped, and if the probation officer's other offense level computations are correct, the presentence report would be justified in adding 1 offense level per Guideline 3D1.4, as that guideline assigns 1 unit to the count with the highest offense level and a half unit to a count with an offense level of 5 to 8 levels less than the top count. Per Guideline 3D1.4, 1 ½  units provides for a 1 level increase in the offense level.

However, the counts of conviction, 11 and 16 are appropriately grouped per Guideline 3D1.2(b). The first sentence of Guideline 3D1.2 is cited below.

**All counts involving substantially the same harm shall be grouped together into a single Group.**

Subsection (b) requires grouping

**When counts involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan.**

Application Note 4 of Guideline 3D1.2 is cited below.

2

> **Subsection (b) provides that counts that are part of a single course of conduct with a single criminal objective and represent essentially one composite harm to the same victim are to be grouped together, even if they constitute legally distinct offenses occurring at different times.**

Count 11, at paragraph 59 of the indictment is quoted below.

> **In or about and between October 2008 and February 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants Jerome Caramelli, also known as "Jerry," Salavatore Cutaia, also known as "Sal," Anthony Mannone, also known as "Anthony from Elmont" and "Anthony from the Five Towns," and Carlo Profeta, together with others, did knowingly and intentionally conspire to participate in the use of extortionate means to collect and attempt to collect one or more extensions of credit, in the amount of approximately $193,000, from John Doe # 1.**

Count 16, at paragraph 69 of the indictment is quoted below.

> **In or about and between January 2007 and November 2009, both dates approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant Anthony Mannone, also known as "Anthony from Elmont" and "Anthony from the Five Towns," together with others, being a person employed by and associated with LCN, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through the collection of unlawful debt, as that term is defined in Title 18, United States Code, Section 1961 (6), to wit: debts that were unenforceable under New York State Law, specifically, New York Penal Law Section 190.40,**
>
> **in whole and in part as to principal and interest because of the laws relating to usury, and were incurred in connection with the business of lending money and one or more things of value at a rate usurious under New York State law, where the usurious rate was at least twice the enforceable rate.**

In participating in his LCN family's extortion activities, Mr. Mannone simultaneous violated 18 USC 894(a)(1), the extortion conspiracy of Count 11, and 18 USC 1962(c), the racketeering enterprise of collecting debt that is unenforceable under New York

3

State Law, which constitutes the offense of Count 16. In Count 11, between October 2008 and February 2009, the extortion conspiracy committed by Mr. Mannone and others victimized John Doe # 1. Count 16's collection of unenforceable debt occurred between January 2007 and November 2009.  The time frame of Count 11 is within the time frame of Count 16, and there is no doubt that John Doe # 1 was a victim in the collection of unenforceable debt offense in Count 16. The fact that John Doe # 1 is not specifically cited in Count 16 is irrelevant. Guideline 3D1.2(b) does not require the naming of victims in the indictment, only that there be at least one identifiable victim in common between the offenses of the different counts. There is also no doubt that the extortion charge of Count 11 and the collection of unenforceable debt charge of Count 16 are connected by a common criminal objective or constitute part of a common scheme or plan, and thus the second requirement of Guideline 3D12(b) is also satisfied. Therefore grouping Counts 11 and 16 is required.

When all counts are grouped, there is no increase in the offense level for incurring multiple counts of conviction. Given my strong contention that Mr. Mannone is appropriately classified <u>as a manager in the scheme, not a leader</u>, the offense level for Count 11 should be 23, not 24. And since Counts 11 and 16 are appropriately grouped, there should be no increase in the offense level at paragraph 164 of the presentence report. Therefore, the combined adjusted offense level at paragraph 165 should be 23, not 25, and, factoring in the 3 level credit for acceptance of responsibility, the total offense level at paragraphs 167 and 225 should be 20, not 22.

Predicated on a total offense level of 20 and a criminal history category of III, the advisory guideline range is **41 to 51 months**, not the 51 to 63 months cited at paragraph 225 of the presentence report.

<u>**Anthony Mannone**</u>

Mr. Mannone's father passed away during his adolescence, and he had to quit school after the ninth grade to go to work to help support his mother. He has a very substantive history of gainful employment. At age 16, prior to obtaining a driver's license, he drove a truck to transport cement and tiles. For many years, from 1963 to 1976, he managed a bar and grill, Wynona Lounge, in the East New York section of Brooklyn that was owned by his mother. The business ultimately had to be closed due to deteriorating conditions in the neighborhood.

Mr. Mannone then resumed earning money by driving, primarily limousines and hearses for a funeral business, and he engaged in this occupation off and on for many years. Between 1996 and 2003, he worked steadily by managing two restaurants, Bella

Notte in Long Island and Casa Blanca in the Maspeth section of Queens. At paragraph 207 of the presentence report, the probation officer notes that the Casa Blanca employer  described Mr. Mannone as an "excellent employee" who was very "very dependable' and "very well mannered". As noted in paragraph 202 of the report. The probation officer verified that Mr. Mannone later worked for several years at Mid-County Collision in Massapequa, an auto body repair business where he performed general office duties, moved vehicles and performed maintenance functions. The business informed the probation officer that Mr. Mannone was "a great employee". As reflected in paragraphs 203 and 215, Mr. Mannone now receives Social Security benefits, and he has regularly filed annual income tax returns.

Mr. Mannone married and divorced as a young man, and he has no biological children. He had a 15 year common law marriage with Agnes DeMaria, now residing in Florida, and they continue to remain close friends. Mr. Mannone was the father figure for Ms. DeMaria's daughter from a previous marriage, Dina Romanelli (named changed by marriage). In addition to providing general financial support, he totally financed her higher education costs at C.W. Post College. She graduated with a bachelor's degree and became a school teacher. As noted in paragraph 174 of the presentence report, Ms. Romanelli considers Mr. Mannone to be her father. She, her two children from a failed marriage, and Mr. Mannone, have lived together for many years in a privately owned home in Massapequa. The section of the house where Mr. Mannone lives is separate from the part where Ms. Romanelli and her children reside. My client has always provided financial support to Dina's children as needed. The house is owned by Dina Romanelli, but Mr. Mannone provided all of the financing for the original purchase.

For the past nine years, my client has had a stable and loving relationship with Marie Aiello who is employed in a medical office. As noted in paragraph 182 of the presentence report, Ms. Aiello told the probation officer that Mr. Mannone is a very giving, caring and family oriented person. She further expressed her desire to live with him after his release from prison.

## Medical Condition

As noted in paragraphs 189 through 195 of the presentence report, Mr. Mannone, age 67, is a very sick man. He is severely debilitated by major heart disease. To save his life, he had 9 ½ hours of open heart surgery in 2006 to remove an aortic aneurysm and to replace a malfunctioning heart valve, and he continues to take heart medication. He consumes medication for chest pains, hypertension, thyroid dysfunction, hypertension, high cholesterol, migraines and acid reflux. He has been at sick bay in the insitution on many occasions due to his extreme difficulty in breathing. Further, while in

custody at the Metropolitan Detention Center in June 2010, he was hit hard in the head with a soccer ball while standing in a recreation area. The blow knocked him down in such a way that he hurt his lower back and right hip, and he has suffered from substantial and chronic pain in those body locations since the incident. Due to his pain, he now walks with the assistance of a cane. In addition the defendant has a serious dental problem. He has some open teeth with nerves exposed. Anthony Mannone's health is in extremely poor condition.

## A Reasonable Sentence for Anthony Mannone

Mr. Mannone is an elderly man in failing health who lives with constant chronic pain and disability. The Bureau of Prisons is able to provide competent medical care, but I ask Your Honor to consider that a prison sentence for a man of Mr. Mannone's age and ill health is much more arduous for him than it is for the average inmate. I also request that Your Honor recommend to the Bureau of Prisons that Mr. Mannone serves his sentence in one of their hospital institutions, preferably in the Northeast.

In view of all of the above circumstances presented in this correspondence, I most respectfully submit that a non-guidelines sentence of 24 months would be the most reasonable sentence to impose in this case.

Thanking the Court for its consideration of the above, I remain

Respectfully,

Mario Malerba

Counsel for Anthony Mannone

cc  Rachel J. Nash, Esq.
     Assistant U.S. Attorney

     Steven S. Guttman
     U.S. Probation Officer

6



# Saraceno Funeral Home Inc.

*Licensed Funeral Directors*
*John A. Saraceno*
*Claudia P. DeJohn-Saraceno*

To Whom It May Concern:

I, John Saraceno, a licensed funeral director in the States of New York and New Jersey for thirty years have had a professional and personal relationship with Anthony Mannone for over fifteen years. Anthony Mannone is one of the most compassionate and kind people I have ever met in my life. He has on many occasions, without anyone knowing, done fund raising for local charities, as well as paid for funerals out of his own pocket for people he did not even know out of the kindness of his heart because they did not have the means to pay for the funerals themselves. Anthony Mannone is a true friend, cousin and gentleman. I consider myself very fortunate to have met such a great man and I truly look up to him. He is my confidant, friend and a part of my family.

Best Regards,

*[signature]*

John Saraceno

171 Court Street <> Brooklyn, New York 11201 <> (718) 624-4544

LAW OFFICES OF

# FRANK J. RUCCI & ASSOCIATES, P.L.L.C.

100 MAIN STREET Suite 96
Hempstead, N.Y. 11758

Telephone  516 797 0991

Hon. Justice  Eric N. Vitaliano
United States District Court
225 Cadman Plaza East
Brooklyn, NY  11201

Dear Justice Vitaliano:

I am writing to the court to provide facts and information on behalf of  Anthony
Mannone, to be considered in his sentencing. I have never written a letter for sentencing
before, so kindly bear with me.

I have known Anthony for approximately   10 years.  I came to know Anthony through
his daughter and son in law.  Anthony's grandchildren and my son have shared many
events of growing up.    I have personally   seen  his love and devotion for his
grandchildren.  I have enjoyed his company and gentle humor. More importantly,
Anthony and I have often shared our thoughts on keeping our children and grandchildren
on the right road.  I have personally seen the results with his  grandchildren , and their
stellar academic achievements in school and outgoing personalities.  His good advice has
always been greatly appreciated.

Hemmingway has defined "character" as grace under pressure.  Anthony exceeds that
definition.  Throughout his life he has been generous, thoughtful and considerate of all,
despite many hardships. I have always been humbled by his personal courtesies to me.
However, I have been even more impressed by the sincere concern he demonstrates for
others in his everyday-walk-of-life.

I know that Anthony has used his incarceration to reflect on his acts and does truly regret
the behavior that has brought him before you for sentencing. I also believe that Anthony
has learned a strong lesson of moderation.  Anthony is not now, has never  been , nor
will be in the future a threat or danger to anyone.  Many people express frustration in an
inappropriate   manner ,  but do not act on it.

He retains the love of his daughter, and granddaughters,  and  I have spoken with his
daughter, Dina  Romanelli, who has offered to have him reside with her after his release.
I firmly believe he will  not , in the future, behave in any way that would disappoint this
Court, his daughter, granddaughters, or myself.

An additional fact that the court should consider in sentencing is his advanced age, his is
67 years old,  and is currently recovering from pneumonia.  I had  visited  him  a few

years ago while he was recovering from open heart surgery.  I would   ask this Court to consider the fact that Mr. Mannone   has spent over a year at the MDC in Brooklyn.

In the furtherance of justice   I respectfully request that the court exercise clemency in Anthony's sentencing and  sentence him to time served and  probation.  I  firmly believe no legitimate legal purpose served by further incarceration of Anthony , and that the court exercise its discretion on behalf of the government and in the interest of justice.


Thank you for your considerations of the contents of this letter

Respectfully submitted,

Frank J. Rucci

Felix R. Palmeri DPM

925 Hempstead Tpke

Franklin Square, NY 11010

(516) 352-4454

April 12, 2011

To Whom It May Concern:

I have known Anthony Marrone for at least 20 years.  He first came to my office as a patient and in no time at all we became very good friends.

This is a man that is very family oriented and loves his only daughter and his grandchildren.  He is a loving fiancée and hopefully will marry when he pays his debt to society.   I can't recommend Anthony Marrone highly enough as a kind, generous and good human being willing to help anyone that needs help.

Please give this man every consideration that you can possibly give, so that in the near future he can resume a normal life with family and friends.

Respectfully submitted,

Felix R. Palmeri, DPM

June 15, 2011

Michael J Doyle
PO Box 1304
118 Boyd Hill Road
Wilmington, Vermont 05363

Honorable Eric Ditaliano,
Judge of the US District Court
255 Cadman Plaza
Brooklyn, NY 11201

Honorable Sir:

I am Michael J. Doyle.  I retired in 1983 from the NYC Police Department having served twenty-eight years achieving the rank of Lieutenant.  I am a friend of Anthony Mannone who is appearing before you for sentencing. In 1983 I retired to protect the identity of a federal informant, a Gambino crime family member, from exposure by ranking police officials who had corrupt relationships with organized crime and worked with him assisting the FBI for many years. During that time in 1989 I assisted in a multi year investigation of a person who asked me to bribe a NYC detective to affect the outcome of a trial involving an organized crime thug.  The case agents were, special agent George Bolds the 3rd and Jeff Troy. During the subsequent trial, Joe "Waverly" Cacace, the Colombo crime family assassin entered the courtroom sat in the rear of the court room and watched me testify. During this investigation I assisted with an investigation involving a person under federal indictment in a separate corruption case who with an associate, spoke about murdering a witness in a federal case. FBI special agents George Bolds and Jeff Troy handled that case also.   In another situation I sheltered Charles "Duke" Gallagher, a career criminal and cooperating witness for the federal government in an organized crime case involving the Gambino crime family. For six years I protected him and supported him while he lived under my roof in New York and in my Vermont home. \

About that time, in the early 1990s I first met Anthony Mannone in the company of Larry Gurino, a businessman and mutual friend. Larry Gurino told Anthony Mannone about Charles Gallagher's situation, nevertheless one cold day Charles Gallagher standing with Anthony, Larry and myself, commented to Anthony Mannone, "That's a beautiful coat" whereupon Anthony said "Duke, its yours." He took his coat off and gave it to Mr. Gallagher. Anthony Mannone never betrayed Charles Gallagher to the Gambinos who were hunting him. The case agent who handled Mr.Gallagher was Special agent, Jim Rossini.

I have also assisted Special Agent George Connell in intelligence gathering concerning a Colombo crime family figure.

I recently assisted Special Agent Jerry Conrad in providing information about people from a twenty-seven year old murder again, involving the gambino crime family and a corrupt New York City detective who was, according to newspaper accounts involved in the cover up of one murder and assisted in planning the murder of a witness.

I have always done what I considered "the right thing". I have never shrunk from my responsibility as a citizen, nor have I ever been frightened at the consequences of my actions.   I think that there are people who are inherently evil in all occupations including my former occupation, and others who aren't. I have known Anthony Mannone for many years and let me assure you he is not an evil person.

I am obviously not a friend of organized crime and will not hesitate to assist the FBI again. Despite the charge against Anthony Mannone, I believe that he has many decent qualities worthy of your consideration. He has in the past acted to protect me when people made inquiry.

I have spoken to Anthony many times about the tranquility and peace that comes from family, enjoying children and grandchildren and for the very fortunate the love of a good woman, yes; Anthony has a good woman waiting for him. I have suggested that retirement is his only future.  I believe he has reflected on my advice and that if you permit him to spend his remaining years with his family he will never again appear in court.

Thank you for your consideration.

Very truly yours,

Michael J. Doyle

(516-456-0497)

PO Box 1304
Wilmington, Vermont 05363

### st. athanasius church

2154 61st street

BROOKLYN, NEW YORK 11204

tel: (718) 236-0124 • fax: (718) 236-4960



May 24, 2011

To Whom It May Concern:

I am Msgr. David L. Cassato, Pastor of St. Athanasius Church in Brooklyn, New York.  I am writing this letter on behalf of Anthony Mannone.  I have known for the past few years.

Whenever I've been in contact with Anthony, he is always respectable and carries himself as a gentleman.  Any courtesies extended to him at this time would be greatly appreciated and well deserved.

If I may be of any further assistance, please do not hesitate to contact me.

Respectfully,

Rev. Msgr. David L. Cassato
Pastor

United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

Dear Justice Vitaliano:

   I am a retired attorney presently living in Florida having   practiced Law in
Mineola, New York for  approximately 35 years. I write to you on behalf of Anthony
Mannone   who appears before you for sentencing.
    My former partner, Ernest J. Peace, and I represented Anthony Mannone for many
years. Whenever Anthony needed civil work done or purchased a business or home , we
helped him through the necessary legal steps.
   Throughout those many years ,I was always impressed by what a gentleman
Anthony Mannone showed himself to be. Always patient, always understanding and
always concerned about others, his family, friends and business aquaintences, Anthony
was a pleasure as a client and as a friend. I felt so warmly towards Anthony that I asked
him to attend my wedding as if he were part of my family.
   Obviously, Anthony Mannone has made some mistakes in his life and now
appears before you for to atone for those mistakes . However I would ask you to consider
Anthony's health , age and the good words presented to you by persons who have known
him for years when you sentence him. I ask that you consider the good qualities Anthony
has shown as compared to the error in judgment that brings him before you today. I am
sure that , without belittling the seriousness of these proceedings that Anthony's "Good"
qualities far outweighs any bad acts  .
    I know that Anthony Mannone has used his incarceration thus far to deeply reflect
on his mistakes and will use  whatever sentence you give him as a way to improve his life
and focus  on being a model citizen in the future. I ask that this honorable Court see its
way clear to allow Anthony to do so without the necessity of further incarceration.
Thank you for your considerations in this request.

                              Respectfully Submitted,



                              LOUIS N. AGRESTA

June 23, 2011

Dear Honorable Eric N. Vitaliano,

    I am a cousin through marriage to Anthony Mannone.  I have known him for more than forty-five years.  Throughout that time, I have come to know him as a true and valued friend.  He is the kind of person that stands up for and remains at your side in times of need.  By his actions he has always been a first responder to people in need of his help.  He was always there to lend a hand or just to make you smile.

    Perhaps these are the very same admirable qualities that led him to the situation he currently faces.  I am sure he realizes that sometimes a lapse in judgment can lead to unfortunate events.

    In my association with Anthony as a family member, I have come to know him as a gentle and caring person.  In the years that his mother became blind, sickly with diabetes, and unable to care for herself, Anthony was always there.  He took care of, not only her medical necessities, but personally responded to her physical needs as well.  Then shortly after his mother's death, he repeated the same loving care for his aging Aunt, to whom he was devoted.

    I believe Anthony has come to terms with the life choices he has made up until now and thoroughly regrets not having followed his own better judgment.  I also feel that he is ready to move forward with his life, in the company of his thoughtful and caring fiancée Marie.

    All of the above references to Anthony's kindness and consideration for others does not mitigate or make light of the charges against him.  I am hoping that I may have convinced you that he is a righteous and respectful person and deserves every possible consideration for your leniency in determining his future.

    Thank you for allowing me to write to you on Anthony's behalf.

Sincerely,

Robert Monzillo

June 15, 2011

Dear Honorable Eric N. Vitaliano:

I have known my cousin, Anthony Mannone, all of my 60 years. I have always been impressed with his dedication to family. My daughter was diagnosed with breast cancer 4 years ago and he was always available to us for anything we might have needed including moral support. I have always known him to be a person with a compassionate spirit and a generous nature.

He has always been available to people less fortunate and his empathy and compassion is visible through the good deeds I have witnessed him perform over the years.

He never misses a family function unless it is out of his control. It demonstrates that his family is a priority to him.

He is a very important part of our family and we all miss him very much and look forward to the day when we can all be together again.

Thanking you for your consideration in reading this letter.

Very truly yours,


Ann Marie Putaggio
7 Sunken Meadow Road
Fort Salonga, New York 11768

June 23, 2011

Dear Honorable Eric N. Vitaliano,

My name is Mildred Monzillo.  Anthony Mannone and I are second cousins.  Since he is only three years older than I am, we grew up as a brother and sister would.  We lived just a few blocks away from each other growing up in Brooklyn.  As young children we developed a great friendship and have remained close ever since.

As we grew and matured, I began to really appreciate and realize what kind of person Anthony is.  He is loving, kind, generous, thoughtful, giving, caring, respectful and charming, and he can always make you laugh.  He has an amazing ability to make anyone he comes in contact with feel special, important and comfortable.  Anthony cares for people for who they are and not what they have.

Family is very important to Anthony.  He took care of all the needs of his blind mother, as a daughter would in his generation.  He also did the same for a very dear friend of his mothers who had no living children.  He called her "Mama Mary."   Anthony loved and respected her as a son would.  In addition to caring for his family, he would also take care of elderly people in his neighborhood.   Bringing them food and making sure they were taken care of.  Another example of Anthony's compassion was when my father was dying of cancer.  Anthony was at my parent's home every day, all day for months trying to keep our spirits up.

Anthony and his beautiful fiancée Marie, who is just as loving and caring as he is, spent most of our weekends together.  My husband and I would always enjoy a meal with them, often laughing, watching movies, and most times, even having another meal!  For all of us, holidays meant being together as a family.  It had been heartbreaking not having him home with us, especially to my ninety-two year old mother who is his cousin but more like a second mother to him.

I could go on and on about all the times I was the recipient of his giving heart and all of the times I witnessed it.  I am so proud to say that Anthony is one of the most caring and compassionate people I know.  I know that Anthony has had a lot of time to think about the

choices he made in his life and I know in my heart he is truly filled with remorse.  He has been at the MDC in Brooklyn since February 2010 and I miss him dearly.  Considering his age and current health conditions, I hope Your Honor can consider time served as his sentence for the poor choices he has made.  I strongly believe that Your Honor can feel confident that he will make the necessary changes in his life to better himself and the decisions he makes.

People say that what you put into life will return back to you.  I pray that at this time in Anthony's life his generosity and compassion will return back to him.  I also pray that all the good he has done for others will be considered, when Your Honor administers his sentence.

Anthony is a gentle and kind man with a heart as big as anything you can imagine.  I truly love my cousin but it does not blind me to his faults.  I hope by your reading this letter that I have presented a different image of Anthony Mannone than you may have.

Thank you for your time and consideration with this request.

Respectfully Yours,

Mildred Monzillo

June 6, 2011

Your Honor,

I am writing to you respectfully about my father, Anthony Mannone. The fact that he is not my biological father has no bearing on our relationship whatsoever. I love him more than I could ever love the man who actually created me. I have known my dad since I am sixteen years old – 33 years. He has been there for me every second of those years and he has loved and cherished my two daughters and me every day of our lives.

The past 16 months (without my dad living with us) have been devastating. I am a single parent raising my two teenage daughters. I have relatively no family – my mom lives in Florida and my brother was hit by a train when he was sixteen, leaving me an only child. My dad is a family-oriented man who puts his family first. His absence in our home as left a huge void. I miss his sense of humor (which would get me through many a trying day) and his constant care and concern for the three of us. Our well being is (to this very day) first and foremost on his mind. I miss his presence which encompasses all that a parent's presence should. I pray that he is back with us soon so that we can have our family together again. Thank you for taking the time to read this letter and to learn more about my dad.

Sincerely,
Dina Romanelli

My Poppy is the only grandpa I have. He is like a real grandfather to me because he has always been there when I needed him and had no one else to go to. He has always lived downstairs and I am used to him being there. He was the one that would drive me to school for morning events and also picked me up when I was sick. The night my Poppy went away I was scared and confused. I sat in my bed thinking "What happened? What could he have down wrong?" He was always a loving person and cared about other people not just himself. I miss him terribly. I look forward to seeing him and without a doubt, I will forgive the mistakes he made only because he is my Poppy and I care about him. Also because I want my relationship with him to **keep staying strong**, whether he's beside me or hundreds of thousands of miles away somewhere where I can't see him. I love my Poppy to death and now I know what if feels like to have someone, who has always been there for you, being ripped away from you in the blink of an eye. It has been a big change for me and probably even more of a change for my Poppy, too. I just hope someday we will be able to re-unite our family back to the way it was a year ago. Family dinners, holidays, and special occasions are different now, and in being that my Poppy would never let me down, I know they will come back to life sooner or later. I hope this gives you a clear explanation of what my Poppy is really like in the outside world.

Sincerely,

Gianna Romanelli

June 7, 2011

Your Honor:

Anthony Mannone is my hero.  He is my grandfather, but I know him as my Poppy.  My poppy has been there for me since day one, and he is truly one of the best individuals I will ever know.  My poppy and I are very close and I can tell him anything that is on my mind or happens to be bothering me.  He knows when something is bothering me, and always finds a way to put things in perspective.  Not only is he a wonderful person towards me and my family, he is a respectful and caring person towards all others.  My poppy truly cares about people and will always look for the good in a person.  He is the type of person that would do anything for his family, and I am positive that if a family member ever needed him, he would be there in the blink of an eye.  The experience of my poppy being in jail is a devastating one for sure.  Each day that goes by I miss him more and more.  I only get to see him once every couple of months, and I talk to him about one to two times a week.  It is a horrible experience for me because my poppy was always there for me when I needed him, and there have been times nowadays when I want to see him and talk to him, but I cannot.  I hope the day he returns home is sometime in the near future because I truly miss him.  My poppy knows how passionate I am about dance, and the day he got arrested was a week before my first dance competition.  He was supposed to come to support me, but he clearly couldn't.  If there is one thing that I absolutely hope for is for my poppy to see me dance and perform on stage before I graduate high school, which is in less than two years.  Every time I visit my poppy, tears automatically come to our eyes.  He is the kind of best friend that I will never be able to replace, and I cannot wait for the day he can come home and spend his days with my sister and me.

Sincerely,

Gabriella Romanelli

Gabrielle Romanelli

*June 8, 2011*

*To whom it may concern,*

*My name is Lyndia Rinaldo, my husband is Gary Rinaldo and we have been asked to write you concerning our dear friend Anthony Mannone's character references and how we've been friends and what we know about him.*

*Gary and I know Anthony for fifty years, he has been our friend, he has been part of our family like a Brother and uncle to our three children. He has known and been a part of Gary's family, his parents (both deceased) Brothers, Sister, and all there children. My family in North Carolina (both deceased) Brother and Sister.*

*We have had family functions he has attended thru the years and visits to each others homes for holiday meals and various get togethers during the years.*

*He 's like a Brother, Uncle and dear friend to all of us, particularly Gary, me and our children, he is godfather to our only son, our son is 42 years of age.*

*Gary and I have been in the enterainment business for over fifty years, Gary is still in management of entertainment. I retired five years ago to have a kidney transplant, however we are both very close to Anthony in friendship.*

*We can confirm that Anthony is a very caring, loving, kind person. He has always shown us love and respect, what I don't know and can not explain is the part of Anthony's life that has gotten him incarcerated. I know he is very sorry about all the things that has happened to him concerning these instances.*

*We know his health is not good, his age is not to his advantage , because he does have health issues and can not survive for a longer time in these conditions, we hope sincerely that you will be able to help him get out of prison and get on with his life as soon as possible, I'm sure if Anthony can get out of this institution that he will make sure he does what you recommend he do, it's very important to him to eventually get his freedom and get to be with family and friends.*

*Thank you for reading this letter, and please help Anthony get his life back to enjoy.*

*Thank you,*

*Sincerely,*

*Gary and Lyndia Rinaldo*

June 6, 2011

Your Honor,

My name is Agnes De Maria, and I have known Anthony Mannone for over thirty years. We lived together for fourteen years.  He was a great part of my life and my daughter Dina's.  He was also the person that was there for me to help me through the time of my son's death. He made all the funeral arrangements and stood by my side when I was not mentally or physically up to handling any matters. He is a man that has great compassion, understanding and respect for others.

He was very involved in my daughter's life.  He helped her financially to achieve both her Bachelor's and Master's Degree. He bought her a car and helped her find a job, which she has held for 27 years as a school teacher.  Anthony Mannone never had children of his own, my daughter was his daughter.   It was a wonderful relationship, and still is today.

When she married, he and I walked her down the aisle, how proud he was that day. When the grandchildren came along, that was another great moment in his life.  He fell in love with the 2 girls.  They love him so very much and are both so proud of their Poppy. He is always there for them. When they need Poppy they know where to go.  I certainly appreciate the fact that Anthony was there for my family, because I live in Florida and I am unable to be there for special occasions and holidays. He has been a great influence on all of their lives and me too.  Anthony is that person that when you need him, you just call his name and he appears. He has a great love and respect for people . His family is his LIFE… He is kind and generous to everyone who knows him.   Anthony Mannone and I are still great friends today, because we care about each other and have a wonderful family who loves us both very much. Thank you for taking this time to get to know Anthony Mannone  the person better.

Sincerely,

Agnes DeMaria

June 9, 2011

Your Honor,

I have known Anthony Mannone for 13 years.  His daughter and I have been close friends and colleagues throughout that time.  Anthony is an extremely kind, caring and respectful man.  He is always there for his family and friends.  I have been to many family functions over the years and it is obvious to anyone how important his family is to him.  His absence has left a huge void in his family's lives.  He is a father figure and positive role model for his two teenage granddaughters who live with him.  They miss him terribly.  Thank you for taking the time to read this letter.

Sincerely,

Nancy DiCerbo

June 6, 2011

Your Honor,

My name is Stephanie Amadio and I have lived next to Anthony
Mannone and his family for over 20 years.  Anthony is a very kind
and gracious man, a true gentlemen.  He is the first one to do a
favor if asked.  He is also a very generous man.  He has made
many Christmas dinners very special at our home with all the food
he gives us.  Anthony is a big family man.  He loves his daughter
and granddaughters with all his heart. He has always taken care of
them and it shows. The love is reciprocated. He is very affectionate
and warm, always ready with a kiss and a hug.  My kids love him!
This is the Anthony we know and love.

Sincerely,

Stephanie Amadio

6/7/2011

Your Honor,

I have known Anthony Mannone for 8 years. I met him through his
daughter in 2003.  Although it is a relatively short period of time
given his age I can say that in that short time, I have come to
greatly respect him for his sense of honor and his unwavering
devotion to his family. In those 8 years not a single day has gone
by where he has not made a conscious effort to see and talk to his
grandchildren and daughter. He is everything a father and
grandfather should aspire to be. He exhibits those qualities that I,
as a father of 3, greatly admire and respect. He has on many
occasions been the one to ready his granddaughters for school
when his daughter's work schedule conflicted with her ability to do
so. He has carpooled children to and from school as well. He has
been the focal point and catalyst for all of the family holiday
celebrations and as such, his absence leaves an irreplaceable void.
He has provided both financially and emotionally for his daughter
and grandchildren in every aspect of their lives and as such, is
adored and greatly missed, both for his guidance and emotional
support. I have come to learn he is a man of his word and his word
is his bond. I would trust him with anything and everything I hold
dear. I can and will say that I am proud and honored to know him
and to be known by him. Thank you for your time.


Sincerely,

Quentin Franco

May 04, 2011                                Robert M. Cassieri
                                            268 Kelly Boulevard
                                            Staten Island, NY 10314

Re: Anthony Mannone

To Whom It May Concern;

I, Robert M. Cassieri have known: Anthony Mannone since he was 16 Years Old.

He grew up in the neighborhood where I worked as a young man, I also knew his Mother and Brother who have since died.

They were a Wonderful, Hard Working Family.

We have maintained our Friendship throughout the years and it has always been one of mutual respect and admiration.

Any and All Considerations given to: Mr. Anthony Mannone at this time are well deserved.

Respectfully,

Robert M. Cassieri

May 04, 2011                                    Anthony R. Cassieri
                                                2380 Pacific Street
                                                Brooklyn, N.Y. 11233

Re: Anthony Mannone

To Whom It May Concern;

My Name is Anthony Cassieri, I am 47years old, and have known:
Anthony Mannone All of my life.

Anthony has socialized with my family for as long as I can remember.

My Son Anthony age 7, is actually our third generation of friendship.

Anthony always with a smile shares stories going back to when he and his Mother
would visit our home on the Holidays, and recalls my Mother being Pregnant for
me at the time.

I am aware that Anthony is currently incarcerated, however he has Always been a
man of Great Integrity.

All Courtesies extended on his behalf at this time, will not go unappreciated!

Thank You for taking the time to consider this letter I have submitted;

Sincerely,

_____
Anthony R. Cassieri

May 04, 2011                                    Joseph S. Molinari
                                                130 Sackman Street
                                                Brooklyn, N.Y. 11233

Re: Anthony Mannone

To Whom It May Concern;

My Name is Joseph Molinari, I am 71 years old and I grew up with:
Anthony Mannone.

I knew his family, who lived a few blocks from where I was raised.

We attended the same social functions, church as children, as well as adults.

I have always known Anthony to be a kind and compassionate man.

We have enjoyed a lifetime of friendship, and in todays world that speaks
volumes.

I am aware that Anthony is currently incarcerated, any considerations extended
to him during this time are very much appreciated.

Yours Truly,

Joseph S. Molinari